IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Bernardo Ladislao, Pablo Ladislao, and Timoteo Ibarra Pacheco, <br>         Plaintiffs, <br> v. <br><br> Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

**Now Come** Plaintiffs Bernardo Ladislao, Pablo Ladislao, and Timoteo Ibarra Pacheco (cumulatively "Plaintiffs"), by attorneys Justicia Laboral LLC, Daniel I. Schlade and James M. Dore, and in complaining against Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos (cumulatively "Defendants"), state:

**Introduction and Parties**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL"), the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq*)("IWPCA"), and/or the Chicago Minimum Wage and Paid Sick Leave Ordinance (Chicago Code Chapter 1-24-010 *et seq*) ("Chicago Wage Ordinance") for Defendants' failure to pay overtime wages owed.

2. Plaintiffs Bernardo Ladislao, Pablo Ladislao, and Timoteo Ibarra Pacheco are residents of Cook County, Illinois; they were formerly employed by Defendants.

3. Defendants Axonas Group, Inc., Axonas Realty, Inc., Axonas Realty, Inc., and Axonas LLC operate as property management and maintenance firms, in Cook County, Illinois. Defendant Axonas Group, Inc. is an Illinois corporation that conducts business in Cook County, Illinois; during relevant periods, upon information and belief, it employed four or more employees. Defendant Axonas Realty, Inc. is an Illinois corporation that conducts business in Cook County,

1

Illinois; during relevant periods, upon information and belief, it employed four or more employees. Defendant Axonas LLC is an Illinois limited liability company that conducts business in Cook County, Illinois; during relevant periods, upon information and belief, it employed four or more employees.

4. Defendant Alex Drosos is the manager of Defendant Axonas LLC. Defendant Alex Drosos is the president of Defendant Axonas Group, Inc. Defendant Alex Drosos is the president of Defendant Axonas Realty, Inc. On information and belief, he is a resident of Cook County, Illinois.

## Jurisdiction And Venue

5. The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook or Lake County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

## Facts Common To All Claims

7. At all relevant times, Plaintiff Bernardo Ladislao, was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

8. At all relevant times, Plaintiff Pablo Ladislao was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

9. At all relevant times, Plaintiff Timoteo Ibarra Pacheco was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

10. Defendants Axonas Group, Inc. and Defendant Axonas Realty, Inc. are each an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

11. Defendant Axonas LLC is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

12. Defendant Alex Drosos is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at Defendants ; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and/or (5) s/he maintained employment records.

### Count 1 – Violation(s) of FLSA – Bernardo Ladislao  v. Defendants

13. Plaintiff Bernardo Ladislao reincorporates by reference Paragraphs 1 through 12, as if set forth in full herein for Paragraph 13.

14. Plaintiff Bernardo Ladislao alleges the following related to his employment with Defendants:

a) he started working for Defendants in October 2018 and ended working for them in March 2020;

b) he remodeled the units, did demolition, painted, and general carpentry remodel, etc.;

c) any tips he received were *de minimis;*

d) he worked 55 hours per week on average;

e) his hourly salary was $25.00;

f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

15. Throughout the course of his/her employment and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Bernardo Ladislao to work in excess of forty (40) hours per week, every week, that Plaintiff worked for Defendants; Plaintiff in fact worked in excess of forty-hours for each work week.

16. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff Bernardo Ladislao proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

17. Plaintiff Bernardo Ladislao is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $14,625.00 in unpaid overtime and/or minimum wages; (ii) and liquidated damages of $14,625.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**Wherefore**, Plaintiff Bernardo Ladislao respectfully requests that the Court enter a judgment in his favor and against Defendants Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos, jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $14,625.00;

B. An award liquidated damages in an amount equal to at least $14,625.00;

C. A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

## Count 2 – Violation of IMWL - Bernardo Ladislao v. Defendants

18.    Plaintiff reincorporates ¶¶ 1-17, as if set forth in full herein for ¶ 18.

19. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

20. Defendants directed Plaintiff to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

21. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

22. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

23. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**Wherefore**, Plaintiff Bernardo Ladislao respectfully requests that the Court enter a judgment in his favor and against Defendants Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos, jointly and severally, for:

  A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $14,625.00;

  B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

  C. Declare that Defendants have violated the IMWL;

  D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

  E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 3 – Violation(s) of FLSA – Pablo Ladislao v. Defendants

25. Plaintiff Pablo Ladislao reincorporates by reference Paragraphs 1 through 12, as if set forth in full herein for Paragraph 13.

26. Plaintiff Pablo Ladislao alleges the following related to his employment with Defendants:

  a) he started working for Defendants in October 2018 and ended working for them in March 2020;

  b) he remodeled the units, did demolition, painted, and general carpentry remodel, etc.;

  c) any tips he received were *de minimis;*

  d) he worked 55 hours per week on average;

  e) his hourly salary was $25.00;

  f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

27. Throughout the course of his/her employment and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Pablo Ladislao to work in excess of forty (40) hours per week, every week, that Plaintiff worked for Defendants; Plaintiff in fact worked in excess of forty-hours for each work week.

28. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff Pablo Ladislao proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

29. Plaintiff Pablo Ladislao is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $14,625.00 in unpaid overtime and/or minimum wages; (ii) and liquidated damages of $14,625.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**Wherefore**, Plaintiff Pablo Ladislao respectfully requests that the Court enter a judgment in his favor and against Defendants Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos, jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $14,625.00;

B. An award liquidated damages in an amount equal to at least $14,625.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 4 – Violation of IMWL - Pablo Ladislao v. Defendants

30. Plaintiff reincorporates ¶¶ 25-29, as if set forth in full herein for ¶ 30.

31. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff Pablo Ladislao the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime

wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

32. Defendants directed Plaintiff to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

33. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

34. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

35. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

36. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**Wherefore**, Plaintiff Pablo Ladislao respectfully requests that the Court enter a judgment in his favor and against Defendants Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $14,625.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count 5 – Violation(s) of FLSA – Timoteo Ibarra Pacheco v. Defendants**

37. Plaintiff Timoteo Ibarra Pacheco reincorporates by reference Paragraphs 1 through 12, as if set forth in full herein for Paragraph 37.

38. Plaintiff Timoteo Ibarra Pacheco alleges the following related to his employment with Defendants:

a) he began working in February 2018, and his last day of work was on or about March 2020;

b) he worked doing remodeling work, general carpentry, and plumbing;

c) any tips he received were *de minimis;*

d) he worked 54 hours per week on average;

e) his hourly salary was $25.00;

f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

39. Throughout the course of his/her employment and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Timoteo Ibarra Pacheco to work in excess of forty (40) hours per week, every week, that Plaintiff worked for Defendants; Plaintiff in fact worked in excess of forty-hours for each work week.

40. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff Timoteo Ibarra Pacheco proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

41. Plaintiff Timoteo Ibarra Pacheco is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $19,775.00 in unpaid overtime and/or minimum wages; (ii)

and liquidated damages of $19,775.00 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**Wherefore**, Plaintiff Timoteo Ibarra Pacheco respectfully requests that the Court enter a judgment in his favor and against Defendants Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos, jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $19,775.00;

B. An award liquidated damages in an amount equal to at least $19,775.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 6 – Violation of IMWL - Timoteo Ibarra Pacheco v. Defendants

42. Plaintiff reincorporates ¶¶ 37-41, as if set forth in full herein for ¶ 42.

43. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff Timoteo Ibarra Pacheco the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

44. Defendants directed Plaintiff to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

45. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

46. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

47. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**Wherefore**, Plaintiff Timoteo Ibarra Pacheco respectfully requests that the Court enter a judgment in his favor and against Defendants Axonas Group, Inc., Axonas LLC, Axonas Realty, Inc., and Alex Drosos, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $19,775.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

s/ James M. Dore

**Justicia Laboral LLC**
**James M. Dore (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-942-9415 ext 105
E: jdore@justicialaboral.com; dschlade@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**